March 22,
1876. 　　　　　CRAWFORD *v.* FORRISTALL.

### *Sale—Locus penitentiæ.*

The plaintiffs were negotiating for the purchase of a wagon. Before the bargain was completed, the plaintiffs took possession of the property. Before the bargain was closed, the vendor sold the property to the defendant, and authorized him to take possession of the wagon, which he did. *Held*, that the vendor had a right to break off the first negotiation and to sell and deliver the wagon to the defendant, and that the plaintiffs, having obtained possession without right, could not maintain the action against the defendant.

FROM Coös CIRCUIT COURT.

TROVER, to recover the value of a buggy wagon, alleged to have been converted by the defendant.

The case was referred to a referee, under the statute, who made the following report of facts found proved by him : " On March 12, 1873, about five o'clock A. M., James Forristall (brother to this defendant) offered to sell these plaintiffs the buggy wagon in controversy in this suit for $70, which sum he wished to have endorsed on a note which the plaintiffs held against him ; that the plaintiffs told him they would go and see the wagon the next day, and, if it was worth the $70, they would buy it of him at that price, and endorse the $70, the price thereof, on said note ; that the following morning, March 13, 1873, the plaintiffs went some two miles, examined said wagon, concluded to take the same at the price aforesaid, hauled it from the shed, where it was being housed, into the dooryard, on their way home, but, owing to deep snow, left it in the care of a third person to keep for them ; and on said March 13 plaintiffs endorsed on their said note against said James Forristall $70, ' one wagon, price agreed upon ; ' that in the afternoon of said March 12, 1873, said James Forristall sold said wagon to the defendant for $60, and about that time, either on the 12th, 13th, or 14th day of said March, 1873, defendant gave said James credit for the same on book account, and in two or three days from the time of his purchase of said wagon the defendant took the same into his possession, and hauled it to his own home, and has since kept it ; that at the time the defendant purchased the said wagon of his brother he became responsible for the claim of one Norris on said wagon, which claim he afterwards, during the summer, paid.

" The referee finds and reports to the court that the said plaintiffs recover against the said defendant the sum of $70, less the amount he, the defendant, paid to satisfy the legal claim of said Norris upon said wagon, with lawful interest, if, upon the foregoing statement of facts, the court are of opinion they can recover anything ; if not, then the referee finds for the defendant."

The questions of law arising upon the foregoing report were transferred to the superior court for determination by STANLEY, J., C. C.

*Aldrich & Shurtleff*, for the plaintiffs.

*Dudley*, for the defendant.

CUSHING, C. J. It appears than when the plaintiffs and James Forristall were negotiating, on March 12, before sunrise, the wagon was not present with them. The plaintiffs told James that they would go and see the wagon, and if it was worth $70 they would buy it. Here was no bargain closed. Independently of the statute of frauds, either party was at liberty to stop the negotiation. James had a perfect right to sell the wagon to anybody else, if he chose to do so. When the plaintiffs had examined the wagon, if they had seen fit to conclude the negotiation, and had gone to James for that purpose, it was open for him to tell them it was too late; that he had sold the buggy to another purchaser. The plaintiffs had not possession of the buggy by James's consent; *i. e.*, there had been no delivery. The $70 had not been paid to James; *i. e.*, the endorsement had not been made on the note with James's knowledge and assent.

The case does not find an agreement that the plaintiffs might go and examine the wagon, and, if they were satisfied, might take possession of it. If that had been so, it might have been necessary for James to notify the plaintiffs of his revoking the permission to take the buggy, and, as between the plaintiffs and James, if the rights of no innocent party intervened, the sale might have been complete. But such are not the facts found. There was no agreement by which the plaintiffs were authorized to take possession of the buggy. As it was not lawfully in their possession, any person authorized by James might take it away. The plaintiffs, therefore, having no right to the buggy, or to its possession, clearly cannot maintain the action.

The facts stated in this case are very meagre. But the law does not authorize the court to add any facts to those reported. The case finding that James sold the wagon to the defendant, as he clearly had a right to do, the defendant had a right to take it out of the possession of the plaintiffs' agent. It seems proper to suggest, in confirmation of my understanding of the facts found by the report, that it is hardly reasonable to suppose that James Forristall would have sold the wagon to the plaintiffs without providing for the payment of Norris's claim, just in the same way that he provided for it in the sale to his brother.

There must, therefore, be judgment for the defendant on the report, unless the plaintiff can cause the report to be recommitted in the court below for a more full statement of the facts.

LADD, J. I agree that as the case stands there must be judgment on the report for the defendant.

It has been suggested by the plaintiffs' counsel, in argument, that

at the negotiation between James Forristall and the plaintiffs, March 12, it was in fact agreed that the plaintiffs might go and see the wagon the next day, and take it, if they chose to, at the price of $70.   If that fact was so, I do not now see why the familiar doctrine would not apply, that where the owner of a chattel sells it to two purchasers, neither having knowledge of the sale to the other, the one who first gets possession will hold it.

The facts found by the referee are, as suggested by the chief-justice, quite meagre, and I am, on the whole, inclined to think the plaintiffs should have leave to move in the circuit court for a rehearing before the referee on this point.   Unless such motion is granted, there must be judgment on the report for the defendant.

Smith, J., concurred.

Unless the plaintiff obtains leave in the circuit court for a rehearing, the defendant is entitled to

*Judgment on the report.*